### DESIGN & MANUFACTURING, Plaintiff,

v.

### SHARP CORPORATION, Defendant.

Civ. No. C–1–84–0984.

United States District Court, S.D. Ohio, W.D.

Jan. 7, 1987.

Albert Strasser, Cincinnati, Ohio, for plaintiff.

Vincent Stamp, Cincinnati, Ohio, for defendant.

## ORDER GRANTING INJUNCTION

CARL B. RUBIN, Chief Judge.

This matter is before the Court on the application by plaintiff for a permanent injunction (Doc 136), on a memorandum in opposition thereto (Doc 140), on a reply memorandum (Doc 147) and upon hearing in open court on December 15, 1986.

Plaintiff seeks a permanent injunction against defendant barring it from infringing upon Claims 1, 3 and 7 of U.S. Patent Number 3,774,056 ('056). In accordance with Rule 52 of the Federal Rules of Civil Procedure, the Court does set forth its Findings of Fact, Opinion and Conclusions of Law.

### I.

### FINDINGS OF FACT

1. On July 10, 1984, plaintiff Design & Manufacturing Corporation brought this suit in the United States District Court for the Southern District of Ohio asserting infringement of its patent, number '056. Trial to a jury began August 11, 1986 at Cincinnati, Ohio. Ten trial days were required for the presentation of three witnesses for the plaintiff and nine witnesses for the defendant. The jury determined that claims 1, 3 and 7 of patent '056 were valid and infringed by products manufactured by defendant. That determination involved liability only. By agreement of the parties, the damage portion of the trial will be submitted to a Special Master appointed by the Court. A Master was appointed on September 22, 1986 (Doc 137) and the parties were permitted approximately ninety days of discovery.

2. No hearings before the Special Master have yet been held and the defendant concedes that it is still manufacturing products with the accused devices as parts thereof. It is currently contemplated that hearings will be held before the special master in the later part of January 1987 for the purpose of determining the damages.

### II.

### OPINION

The right to injunctive relief may be found in 35 United States Code Section 283 in the following language: "The several Courts having jurisdiction of cases under this Title may grant injunction in accordance with the principles of equity to prevent the violation of any rights secured by patent on such terms as the Court deems reasonable".

The grant of an injunction is within the sound discretion of the trial court. *Roche Products, Inc. v. Bolar Pharmaceutical Co.,* 733 F.2d 858 (Fed.Cir.1984). *Smith International v. Hughes Tool Co.,* 718 F.2d 1573 (Fed.Cir.1983).[1]

---

1. The creation of the United States Court of Appeal for the Federal Circuit has immeasurably simplified the function of a trial court in a patent case. There is gradually accumulating in one place a body of law applicable to patent cases alone. The former problem of trying to juggle or synthesize decisions from twelve Circuit Courts of Appeal has ended to the benefit of not only the litigants but the District Courts as well.

180

■ There is language by the United States Court of Appeals for the Federal Circuit that infringement has been proved the District Court may not decline to grant an injunction for the sole reason that the extent of the infringement has not yet been shown. In *Smith* the following comment is made: "We have found no case in our research that places such a burden on one seeking a preliminary injunction in a patent infringement case and none has been cited to us. Such a requirement would make the standard practically impossible to meet. This inquiry is better left for the accounting procedure ...". *Smith supra* at 1580.

That Court went on to discuss the concept of irreparable harm. It pointed out in the *Smith* case that where there is a strong showing of validity and infringement there is irreparable harm from the continuing infringement of a valid patent. *Citing Zenith Laboratories, Inc. v. Eli Lilly & Co.*, 460 F.Supp. 812 at 825 (D.N.J. 1978). *TeleDyne Industries, Inc. v. Windmere Products*, 433 F.Supp. 710 (S.D.Fla. 1977). The United States Court of Appeals for the Federal Circuit indicated its agreement with those Courts in the following language: "We agree with the reasoning in these cases. The very nature of the patent right is the right to exclude others. Once the patents have been held to be valid and infringed he should be entitled to the full enjoyment and protection of his patent rights. The infringer should not be allowed to continue his infringement in face of such a holding.

A Court should not be reluctant to use its equity powers once a party has so clearly established its patent rights. We hold that where validity and continuing infringement have been clearly established ... immediate irreparable harm is presumed. To hold otherwise would be contrary to the public policy underlying the patent laws". *Smith, supra* at 1581.

■ Validity and continuing infringement have been established in this case, the first by action of a jury and the second by admission of the defendant. Since the United States Court of Appeals for the Federal Circuit in the *Smith* case held it to be an abuse of discretion to deny a preliminary injunction under such circumstances, it is this Court's opinion that the same reasoning must apply to a denial of a permanent injunction in this case.

In accordance with the foregoing the Court does determine that the plaintiff Design & Manufacturing Corporation is entitled to a permanent injunction.

### III.

### CONCLUSIONS OF LAW

A. This Court has jurisdiction pursuant Title 35 U.S.C. 283.

B. Where a jury has determined that a patent is valid and infringed, irreparable harm exists. *Smith International v. Hughes Tool Co.*, 718 F.2d 1573 (Fed.Cir. 1983).

C. An infringer should not be allowed to continue his infringement in the face of a finding of patent validity and infringement. *Smith, supra.*

D. In accordance with the foregoing a permanent injunction will issue a separate order of this Court.

IT IS SO ORDERED.

### PERMANENT INJUNCTION

In accordance with the Findings of Fact and Conclusions of Law entered by this Court on January 7th, 1987 (Doc 156), it is hereby ordered that Sharp Manufacturing Company of America and all other United States subsidiaries of Sharp Corporation, and their officers, agents, servants, employees, successors in interest and assignes and any other person, corporation or organization acting in concert with any of them are hereby permanently enjoined and restrained during the life of United States Patent Number 3,774,056 (the "Sample patent") from:

1. Making, using or selling products infringing claims 1, 3 and 7 of the Sample patent;

2. Inducing the making, using or selling of products which infringe claims 1, 3 and 7 of the Sample patent;

3. Making, using or selling any microwave oven or microwave oven control which uses the Mitsubishi M58840, M58841 or M58101 microcomputers alone to control the function of the oven;

4. Making, using or selling any microwave oven or microwave oven control which uses the Hitachi HMCS43 or HMCS 45A microcomputers alone to control the functions of the oven.

5. Making, using or selling any microwave oven or microwave oven control which uses the Mitsubishi M58101 microcomputer and the Hitachi HMCS45A microcomputers together to control functions of the oven.

This injunction shall become effective February 1, 1987.

IT IS SO ORDERED.